**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| MEMS INNOVATIONS, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TDK CORPORATION, a Japanese corporation; TDK U.S.A. CORPORATION, a New York corporation; and TDK CORPORATION OF AMERICA, a California corporation,<br><br>Defendants. | Civil Action No. 6:25-cv-00388<br><br>**JURY TRIAL DEMAND** |

**PLAINTIFF MEMS INNOVATIONS, LLC'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MEMS Innovations, LLC ("MEMS Innovations" or "Plaintiff") hereby submits its Complaint for patent infringement against Defendants TDK Corporation, and TDK Corporation of America (collectively "TDK" or "Defendants") and states as follows:

## I. PARTIES

1. MEMS Innovations is a Limited Liability Company organized under the laws of the State of Texas with its principal place of business at 26522 La Alameda Ave., Suite 360, Mission Viejo, CA 92691.

2. On information and belief, Defendant TDK Corporation is a corporation organized under the laws of Japan, with its headquarters at 2-5-1 Nihonbashi, Chuo-ku, Tokyo, 103-6128, Japan. On information and belief, TDK Corporation is involved with development, production, and sale of piezoelectric microspeakers, piezoelectric speakers, MEMS, and other electronic components in different parts of the world including the United States.

3. On information and belief, Defendant TDK U.S.A. Corporation is a corporation organized under the laws of New York, with its headquarters at 901 Franklin Avenue, Garden City N.Y. 11530 and with offices 1101 Cypress Creek Road, Cedar Park, TX 78613.[1] On information and belief, TDK U.S.A. Corporation is involved with development, production, and sale of piezoelectric microspeakers, piezoelectric speakers, MEMS, and other electronic components

4. On information and belief, Defendant TDK Corporation of America is a corporation organized under the laws of California, with its headquarters at 475 Half Day Road, Suite 300, Lincolnshire, IL 60069 and with locations in Collin County at 3320 Matrix Drive, Suite 100, Richardson TX 75082[2] and also in El Paso, TX. On information and belief, TDK Corporation of America is involved with development, production, and sale of piezoelectric microspeakers, piezoelectric speakers, MEMS, and other electronic components.[3]

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

6. On information and belief, Defendants have employees in the state of Texas and in this judicial district. Defendants have solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of

---

[1] https://www.tdk.com/en/worldwide/index.html (last visited Oct. 2, 2025).

[2] https://www.mapquest.com/us/texas/tdk-corp-423172993 (last visited October 3, 2025).

[3] https://www.us.tdk.com/contact/tdk-americas-contact.php (last visited Aug. 18, 2025).

action set forth herein.

7. This Court has personal jurisdiction over Defendants at least because Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. As described in further detail below, on information and belief, Defendants make, use, offer for sale, sell, or import various piezoelectric microspeakers, piezoelectric speakers or products containing piezoelectric microspeakers and piezoelectric speakers that infringe the '776 Patent and/or induce others to do so. On information and belief, the '776 Infringing Products (defined below) have been offered for sale, sold, used, and imported in the United States, within the State of Texas and within this judicial district.

8. Defendants are subject to personal jurisdiction under the provisions of the Texas Long Arm Statute, TX CIV. PRAC. & REM CODE § 17.041 *et seq.*, by virtue of the fact that, upon information and belief, Defendants have availed themselves of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, as well as by others acting as Defendants' agents and/or representatives, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution, and the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

9. On information and belief, Defendants have also established minimum contacts with this judicial district and regularly transact and do business within this district. On further information and belief, Defendants have purposefully directed activities at citizens of the State of Texas including those located within this judicial district. On information and belief, Defendants derive substantial revenue from the goods and services they provide to individuals in the State of

Texas and in this judicial district.

10. This court also has personal jurisdiction over Defendants because, acting in consort, Defendants purposefully and voluntarily placed the Infringing Products into the stream of commerce, with the expectation that they will be purchased and used by customers in the United States, in the State of Texas and in this judicial district. On information and belief, customers in the State of Texas and in this judicial district have purchased and used and continue to purchase and use the Infringing Products. Accordingly, Defendants' conduct and connections with the State of Texas are such that they should reasonably have anticipated being brought into court here.

11. Venue is proper in this District as to TDK Corporation pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, TDK Corporation is subject to this Court's personal jurisdiction and because, being an alien corporation, TDK Corporation may be sued in any district that has personal jurisdiction.

12. Venue is proper in this District as to TDK U.S.A. Corp. pursuant to 28 U.S.C. § 1400(b) at least because TDK U.S.A. Corp. has committed acts of infringement in this District and on information and belief maintains a regular and established place of business at 1101 Cypress Creek Road, Cedar Park, TX 78613.[4]

13. Venue is proper in this District as to TDK Corporation of America pursuant to 28 U.S.C. § 1400(b) at least because TDK Corporation of America has committed acts of infringement in this District and on information and belief maintains regular and established places of business in Collin County at 3320 Matrix Drive, Suite 100, Richardson TX 75082[5] and

---

[4] https://www.tdk.com/en/worldwide/index.html (last visited Oct. 2, 2025).

[5] https://www.mapquest.com/us/texas/tdk-corp-423172993 (last visited October 3, 2025).

also in El Paso, TX.

14. Defendants are properly joined under 35 U.S.C. § 299(a)(1) because, as set forth in greater detail below, on information and belief, Defendants commonly and/or jointly make, use, sell, offer to sell, and/or import Infringing Products, such that at least one right to relief is asserted against Defendants jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, selling, offering to sell, and/or importing into the United States the same Infringing Products, as set forth in greater detail herein.

15. Defendants are properly joined under 35 U.S.C. § 299(a)(2) because, as set forth in greater detail below, on information and belief, Defendants make, use, sell, offer to sell in, and/or import into the United States the same or similar Infringing Products, such that questions of fact that are common to all Defendants will arise in this action.

## III. BACKGROUND

16. On October 28, 2014, the USPTO duly and legally issued United States Patent No. 8,873,776 (hereinafter referred to as the "'776 Patent" or the "Asserted Patent"), titled "Piezoelectric Speaker" The '776 Patent is valid and enforceable. The '776 Patent issued from US Patent Application No. 13/289,225 filed on November 4, 2011, and claims priority to Korean Patent Application No. 10-2010-0126266 filed on December 10, 2010.

17. The '776 Patent was originally assigned to and is owned by the Electronics and Telecommunications Research Institute ("ETRI"), which is Korea's national leader in the research and development of Information & Communication Technologies.[6] Since its inception in 1976, ETRI has developed countless new technologies, including inventions related to DRAM

[6] https://www.etri.re.kr/engcon/sub1/sub1_02.etri (last visited Aug. 18, 2025).

computer memory, CDMA and 4G LTE cellular phone communications, and LCD displays, as well as manufacturing microphones and microspeakers, the technology at issue in this case.[7] ETRI employs over two thousand research and technical staff, of whom over 90% hold a post-graduate degree and 60% have earned a doctoral degree in their technological field.[8] Since its founding, ETRI has applied for and been granted over 28,000 patents, has contributed about 8,000 proposals that have been adopted by international and domestic standards organizations, and has published about 1,500 articles in peer-reviewed technology publications.[9]

18. MEMS Innovations is the exclusive licensee of the Asserted Patent with the sole and exclusive right to prosecute this action, to enforce the Asserted Patent against infringers, to collect damages for past, present and future infringement of the Asserted Patent, and to seek injunctive relief as appropriate under the law. Defendants are not licensed to the Asserted Patent, either expressly or implicitly, nor do Defendants enjoy the benefit from any other rights in or to the Asserted Patent whatsoever. Accordingly, Defendants' infringement, as described below, has injured, and continues to injure MEMS Innovations.

## IV. COUNT I: INFRINGEMENT OF THE '776 PATENT

19. MEMS Innovations incorporates each of the allegations of paragraphs 1-18 above.

20. Defendants have directly infringed and continue to directly infringe the '776 Patent by, for example, making, using, offering to sell, selling, and/or importing into the United

---

[7] *Id.*

[8] http://www.koreaittimes.com/news/articleView.html?idxno=1654 (last visited Aug. 18, 2025).

[9] https://markets.businessinsider.com/news/stocks/electronics-and-telecommunications-research-institute-etri-joins-hevc-advance-1002307006 (last visited Aug. 18, 2025); http://www.koreaittimes.com/news/articleView.html?idxno=1654. (last visited Aug. 18, 2025).

States, without authority, products that practice one or more claims of the ’776 Patent.

21. Defendants are not licensed or otherwise authorized to make, use, offer for sale, sell or import any products that embody the inventions of the ’776 Patent in the United States.

22. Defendants have and continue to directly infringe one or more claims of the ’776 Patent, including, for example, claim 1 of the ’776 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing piezoelectric microspeakers and sensors without authority and in violation of 35 U.S.C. § 271.

23. With respect to the ’776 Patent, Defendants’ infringing products include, for example, the TDK PiezoListen PHU Series of piezoelectric speakers (“PiezoListen speakers”), as well as any other PiezoListen speakers used in various applications that may or may not have TDK part numbers but are made by TDK with a similar structure and any TDK products that incorporate and/or include such structures (collectively, the “Infringing Products”).

24. For example, PiezoListen product number PHUA3015-049B-00-000 infringes representative claim 1 of the ’776 Patent. On information and belief, the remaining Infringing Products infringe representative claim 1 of the ’776 Patent in the same manner.

25. Claim 1 of the ’776 Patent claims: a piezoelectric speaker, comprising: a piezoelectric layer that converts electrical signals into oscillation of the piezoelectric layer and outputs sound; an electrode that is disposed on a top surface or a bottom surface of the piezoelectric layer to apply the electrical signals to the piezoelectric layer; an acoustic diaphragm that is made of a hetero material including a first acoustic diaphragm and a second acoustic diaphragm and disposed under the bottom surface of the piezoelectric layer; and a frame that is attached to the acoustic diaphragm to enclose a side of the acoustic diaphragm, wherein a

Young's modulus of the first acoustic diaphragm is lower than a Young's modulus of the second acoustic diaphragm.

26. PHUA3015-049B-00-000 includes a piezoelectric speaker. Top and bottom views of the product are shown below in Figures 1 and 2. PHUA3015-049B-00-000 also includes flexible connectors and piezo+electrode stacks shown in the below figures.




***Figure 1***




***Figure 2***

27. The below annotated Figure 3 illustrates an exemplary cross-section of the PiezoListen speaker along Line "I".




***Figure 3***

28. Figure 4 below illustrates an exemplary scanning electron microscope (SEM) cross-section of the PiezoListen speaker zoomed in on Region II from Figure 3 above. The stack comprises several piezoelectric layers and is connected to a flexible connector by a conductive adhesive.




***Figure 4***

///

///

29. Figure 5 illustrates an exemplary cross-section of the PiezoListen speaker zoomed in on Region III from Figure 4. Individual piezoelectric and electrode layers are visible. A via interconnects two electrode layers. The flexible connector comprises nickel and copper layers and connects to a top electrode layer by the conductive adhesive.




***Figure 5***

30. An acoustic diaphragm that is made of a hetero material including a first acoustic diaphragm and a second acoustic diaphragm is disposed by TDK and/or is instructed by TDK to be disposed and/or is intended to be disposed under the bottom surface of the piezoelectric layer. For example, TDK provides the illustration in Figure 6 below and instructs, among other things, that: "Similar to the smartphone application, a sound opening is not required, allowing the PiezoListen™ Piezo Speakers to be placed behind the display. Because sound and visuals come from the same location, the enjoyment of video information is enhanced." *See, e.g.,* https://product.tdk.com/en/techlibrary/applicationnote/ict-haptics.html. TDK actively encourages attaching PiezoListen to a display. When attached, the display functions as an acoustic

diaphragm. The side of the stack opposite the flexible connectors attaches to the display. *See* the below annotated figure from TDK's datasheet for PiezoListen speakers from August 2023, page 4, "How to install."[10]




***Figure 6***

31. As another example, TDK provides the illustration in Figure 7 below as instructions to attach PHUA3015-049B-00-000 (and other PiezoListen Speaker products) to a display (annotations added to the original illustration). *See, e.g.,* https://product.tdk.com/system/files/dam/doc/product/sw_piezo/speaker/piezolisten/catalog/piezolisten_commercial_phu_en.pdf.

10 https://product.tdk.com/system/files/dam/doc/product/sw_piezo/speaker/piezolisten/catalog/piezolisten_commercial_phu_en.pdf (last visited Aug. 18, 2025).




***Figure 7***

32. Figure 8 below is a cross-sectional view corresponding to Figure 7 that shows an example of the positioning of the display for PHUA3015-049B-00-000.




***Figure 8***

31. As still another example, TDK has used an acoustic diaphragm that is made of a hetero material including a first acoustic diaphragm and a second acoustic diaphragm disposed under the bottom surface of the piezoelectric layer, as illustrated by TDK in a video, from which a screen capture is shown in Figure 9 below. *See, e.g.,* https://www.youtube.com/watch?v=WrlD25aSCrE.




*Figure 9*

32. As shown in Figures 6 and 9 above, a frame is attached to the acoustic diaphragm that encloses a side of the acoustic diaphragm.

33. The acoustic diaphragms that are used by TDK or instructed to be used by TDK include layers of acoustic diaphragms as shown, for example, in a typical LCD or OLED frame illustrated in Figure 10 below.




*Figure 10*

34. The various acoustic diaphragms, such as acoustic diaphragm 130a/130b in Figure 10, are made of different materials, wherein one acoustic diaphragm 130a/130b has a lower Young's modulus than another acoustic diaphragm 130a/130b.

35. Defendants have and continue to also indirectly infringe one or more claims of the '776 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products that incorporate and/or use the Infringing Products. Defendants induce direct infringement of the '776 Patent by customers, importers, sellers, resellers, and/or end users of the Infringing Products. Such products incorporate the PiezoListen Speakers or are intended to be used with the PiezoListen Speakers. On information and belief, the direct infringers include Defendants' customers that incorporate the Infringing Products into a product that they make, use, offer for sale, sell, or import into the United States. On information and belief, the direct infringers incorporate the Infringing Products into one or more products in the fields of televisions and displays, mobile devices, surround sound systems, wearable technology, augmented and virtual reality (AR/VR), smart speakers and appliances.

36. Defendants have and continue to also contributorily infringe one or more claims of the '776 Patent by supplying the Infringing Products to purchasers for use in the United States because (i) the Infringing Products constitute a material part of the inventions claimed in the '776 patent, (ii) Defendants know the Infringing Products to be especially made or especially adapted for use in an infringement of the '776 Patent, and (iii) the Infringing Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

37. Defendants had actual knowledge of the '776 Patent and that the Infringing Products infringe that patent at least as of October 3, 2025, when they were provided written

notice of this patent and their infringement thereof. Accordingly, at least as of October 3, 2025, Defendants were on notice, knew and/or should have known that their actions as alleged herein induced direct infringement by third parties.

38. Additionally, at the very least Defendants had actual knowledge of the ’776 Patent and their infringement of the same as of the date of this Complaint.

39. Defendants induced infringement by others with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others infringe the ’776 Patent, while at best remaining willfully blind to the infringement.

40. On information and belief, Defendants advertise the Infringing Products, publish specifications and promotional literature encouraging customers to implement and incorporate the Infringing Products into end user products, create and/or distribute user manuals for the Infringing Products that provide instructions and/or encourage infringing use, and offer support and/or technical assistances to their customers that provide instructions on and/or encourage infringing use.

41. Defendants encourage and facilitate their customers to infringe the ’776 Patent by promoting the Infringing Products, for example, stating on their website that “With the new PiezoListen piezo speakers, TDK is helping customers to design innovative audio applications.”[11]

42. Defendants’ customers that incorporate the Infringing Products into other products (*e.g.*, televisions, tablets, laptops and other devices, as well as for surround sound

[11] https://www.tdk.com/en/news_center/press/20190521_01.html (last visited Aug. 18, 2025).

systems, etc.) as well as the end users of those products, each directly infringe the Asserted Patents pursuant to Defendants' instructions and advertisements.[12]

## PRAYER FOR RELIEF

WHEREFORE, MEMS Innovations requests entry of judgment in its favor and against Defendants as follows:

a) A declaration that Defendants have directly infringed one or more claims of the Asserted Patent, either literally or under the doctrine of equivalents;

b) A declaration that Defendants have induced infringement of one or more claims of the Asserted Patent, either literally or under the doctrine of equivalents;

c) A declaration that Defendants have contributorily infringed of one or more claims of the Asserted Patent, either literally or under the doctrine of equivalents;

d) An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate MEMS Innovations for Defendants' infringement of the Asserted Patent in an amount according to proof at trial (together with prejudgment and post-judgment interest), but no less than a reasonable royalty;

e) An award of costs and expenses pursuant to 35 U.S.C. § 284 or as otherwise permitted by law; and

f) Such other and further relief, whether legal, equitable, or otherwise, to which MEMS Innovations may be entitled or which this Court may order.

////

////

---

[12] *Id.*

Dated: October 6, 2025

Respectfully Submitted,

By: */s/ Nathaniel L. Dilger*

Nathaniel L. Dilger (*pro hac vice forthcoming*)
CA Bar No. 196203
Peter Afrasiabi (*pro hac vice forthcoming*)
CA Bar No. 193336
Joseph Liu (State Bar No. 216227)
CA Bar No. 216227
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
Email: ndilger@onellp.com
Email: pafrasiabi@onellp.com
Email: jliu@onellp.com

*Attorneys for Plaintiff,*
*MEMS Innovations, LLC*